THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
 In The Court of Appeals

 
 
 
 Hope Academy
 Charter School, Appellant,
 
 
 

v.

 
 
 
 Richland County
 School District Two, Respondent.
 
 
 

Appeal from the Administrative Law Court 
 John D. McLeod, Administrative Law Judge
Unpublished Opinion No.  2012-UP-080 
 Heard January 11, 2012  Filed February
 15, 2012

AFFIRMED

 
 
 
 Kirby D. Shealy and Paulette Edwards, both
 of Columbia, for Appellant.
 Michael H. Montgomery, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: In
 this administrative action,  Hope Academy Charter School (Academy) appeals the
 Administrative Law Court's (ALC) decision to affirm the Richland School
 District 2's (District) Board of Trustees' (Board) denial of Academy's charter
 application.  Specifically, Academy contends the ALC erred in:  (1) affirming
 District's denial of Academy's charter application based on the reliable,
 probative, and substantial evidence in the record; (2) failing to find District
 had violated constitutional or statutory provisions in their denial of
 Academy's charter application; and (3) failing to find District exceeded its
 statutory authority and/or acted in an arbitrary or capricious manner by
 employing different standards for Academy's application as opposed to those
 used in the review of other applications.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following
 authority:
1.  As to whether the ALC erred in
 affirming the District's denial based on the reliable, probative, and
 substantial evidence in the record, we find there was substantial evidence to
 support the ALC's finding Academy's charter application was deficient in the
 areas of: (1) facilities and equipment, (2) transportation, (3) educational standards,
 and (4) economic plans; additionally, we find the ALC's findings were not
 controlled by an error of law.  See S.C. Code Ann. § 1-23-610(B)(d)-(e)
 (Supp. 2010) (stating in an appeal of the final decision of an administrative
 agency, the standard of appellate review is whether the findings of the ALC are
 supported by substantial evidence or affected by other error of law); Sanders
 v. S.C. Dep't of Corr., 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App.
 2008) (holding that in determining whether the ALC's decision was supported by
 substantial evidence, this court need only find evidence from which reasonable
 minds could reach the same conclusion that the ALC reached and the mere
 possibility of drawing two inconsistent conclusions from the evidence does not
 prevent a finding from being supported by substantial evidence). As to the
 ALC's findings that Academy's charter application was deficient in the areas of
 support for the school and violation of the spirit and intent of the law, we
 find it unnecessary to review those findings.  See Futch v.
 McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591,
 598 (1999) (ruling an appellate court need not review remaining issues when its
 determination of a prior issue is dispositive of the appeal).
2.  As to whether the ALC erred in failing
 to find District had violated constitutional or statutory provisions in their
 denial of Academy's charter application, we find Academy presented no evidence
 or examples of District creating requirements for their charter application in
 violation of constitutional or statutory provisions. See S.C. Code Ann.
 § 1-23-610(B)(a) (Supp. 2010) ("The court of appeals may affirm the
 decision [of the ALC] or remand the case for further proceedings; or, it may
 reverse or modify the decision if the substantive rights of the petitioner have
 been prejudiced because the finding, conclusion, or decision is: (a) in
 violation of constitutional or statutory provisions . . . .").
3.  As to whether the ALC erred in
 failing to find District exceeded its statutory authority and/or acted in an
 arbitrary or capricious manner by employing different standards for Academy's
 application as opposed to those used in review of other applications, Academy
 presented no evidence or examples of disparity of treatment between their
 charter application and previous charter applications. See S.C. Code
 Ann. § 1-23-610(B)(f) (Supp. 2010) ("The court of appeals may affirm the
 decision [of the ALC] or remand the case for further proceedings; or, it may
 reverse or modify the decision if the substantive rights of the petitioner have
 been prejudiced because the finding, conclusion, or decision is . . . arbitrary
 or capricious or characterized by abuse of discretion or clearly unwarranted
 exercise of discretion.")
AFFIRMED.
HUFF, PIEPER, and LOCKEMY, JJ., concur.